UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 7426

------------------------------------------------------------------ X

MATTHEW HAYNESWORTH,

                            Plaintiff,

  -against-

THE CITY OF NEW YORK, a municipal entity; and New York City Police Officer COREY WOOTEN (Shield No. 06551), in his individual capacity,

                            Defendants.

------------------------------------------------------------------ X

COMPLAINT

JURY TRIAL



RECEIVED
SEP 12 2014
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff MATTHEW HAYNESWORTH, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against the defendants alleges as follows:

## PRELIMINARY STATEMENT

       1.      This is a civil rights action brought under 42 U.S.C. § 1983 for violations of rights guaranteed to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of the laws of the State of New York by defendants THE CITY OF NEW YORK, and New York City Police Officer COREY WOOTEN (Shield No. 06551), in his individual capacity.

       2.      Plaintiff seeks redress for substantial injuries he suffered when he was unlawfully detained, frisked, arrested, and maliciously prosecuted. Plaintiff seeks compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff MATTHEW HAYNESWORTH is a citizen of the United States and the State of New York, and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

9. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant COREY WOOTEN is an NYPD Police Officer.

11. At all times relevant herein, defendant WOOTEN acted under color of state law in the course and scope of his duties and/or functions as an agent, employee, and/or officer of the City and/or the NYPD, and incidental to the lawful pursuit of his duties as agents, employees, and/or officers of the City and/or the NYPD.

12. At the times relevant herein, defendant WOOTEN violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, and Article 1, §§ 1, 6, and 12 of the New York State Constitution of which a reasonable police officer in his circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13. On March 10, 2014, plaintiff filed a petition in Bronx Supreme Court requesting permission to serve a late notice of claim pursuant to New York General Municipal Law § 50-e. On or about April 22, 2014, plaintiff received notice that his petition had been granted.

14. On April 23, 2014, plaintiff served his Notice of Claim upon the City.

15. Plaintiff attended a hearing held pursuant to New York General Municipal Law § 50-h on June 24, 2014.

16. This action is filed within the period provided in New York General Municipal Law § 50-i, which was tolled while his petition to serve a late notice of claim was pending.

## STATEMENT OF FACTS

17. On or about May 24, 2013, plaintiff went to 3250 3rd Avenue in the Bronx to visit a friend, Jessica Perez, who lives in apartment 1E.

18. Upon information and belief, 3250 3rd Avenue is a privately-owned apartment building that was enrolled in the NYPD's Trespass Affidavit Program ("TAP"), also known as "Operation Clean Halls."

19. Plaintiff entered 3250 3rd Avenue and went to Ms. Perez's apartment.

20. After visiting with Ms. Perez, plaintiff left her apartment, walked to the end of the hall, and entered the stairwell to use the building's side exit.

21. Plaintiff encountered a friend and the two stood in the stairwell talking.

22. Someone suddenly kicked in the door to the stairwell.

23. Frightened by the sudden aggression, plaintiff ran out of the building.

24. Plaintiff stopped when he realized that a police officer was running behind him.

25. The officer approached plaintiff and immediately placed him in handcuffs.

26. Upon information and belief, the officer was defendant Wooten.

27. Defendant Wooten asked plaintiff what he was doing in the building and plaintiff said, in sum and substance, that he was visiting his friend Jessica in apartment 1E.

28. Defendant Wooten took plaintiff to 3250 3rd Avenue and went to apartment 1E.

29. Defendant Wooten knocked on door of apartment 1E and spoke with Ms. Perez.

30. Defendant Wooten asked Ms. Perez if she knew plaintiff.

31. Ms. Perez said, in sum and substance, that she knew plaintiff and that he was her friend Matt.

32. Ms. Perez told defendant Wooten that plaintiff had just come from her apartment.

33. Defendant Wooten and his partner took plaintiff to their patrol car and drove him to the 42nd Precinct.

34. Defendant Wooten and his partner fingerprinted plaintiff and after confirming that he had no open warrants, gave him a Desk Appearance Ticket.

35. On June 5, 2013, defendant Wooten signed a criminal complaint under penalty of perjury that charged plaintiff with two misdemeanor crimes and a violation.

36. The complaint stated that defendant Wooten had asked plaintiff if he lived at 3250 3rd Avenue and that plaintiff had "responded in sum and substance NO, I'M VISITING JESSICA IN APARTMENT IN [sic] 1E."

37. The complaint falsely stated that defendant Wooten "went to apartment 1E and the resident at said apartment stated she does not know" plaintiff.

38. Plaintiff was required to go to court on or about July 30, 2013.

39. Plaintiff was arraigned on one count of Trespass in the Second Degree (a misdemeanor), one count of Trespass in the Third Degree (a misdemeanor), and one count of Trespass (a violation).

40. The case was adjourned.

41. On or about October 2, 2013, plaintiff returned to court with Ms. Perez.

42. Ms. Perez verified that plaintiff was visiting her on May 24, 2013.

43. The case was dismissed.

44. As a result of the foregoing acts, plaintiff suffered loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to his reputation.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights

45. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

46. In committing the acts and omissions complained of herein, defendant WOOTEN acted under color of state law to deprive plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable search and seizure of his person; the right to be free from arrest without probable cause; the right to be free from false imprisonment, that

being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent; the right to be free from the lodging of false criminal charges against him by police officers; the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; the right to be free from abuse of process; the right to be free from deprivation of liberty without due process of law; and the right to equal protection, privileges, and immunities under the laws.

47. As a direct and proximate result of defendant WOOTEN's deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

48. The unlawful conduct of defendant WOOTEN was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Municipal Liability Pursuant to 42 U.S.C. § 1983

49. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of stopping and frisking people without the reasonable articulable suspicion of criminality required by the Fourth Amendment, and in particular, has displayed deliberate indifference toward a widespread practice of unconstitutional stops and frisks by the NYPD inside of TAP buildings.

51. At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and/or sanctioned a policy, practice, and/or

custom of unconstitutional arrests for trespass inside TAP buildings without the probable cause required by the Fourth Amendment.

52. At all relevant times, the City, has displayed deliberate indifference toward a widespread practice of unconstitutional arrests by the NYPD for trespass inside of TAP buildings.

53. The defendants' unconstitutional conduct alleged herein was directly and proximately caused by policies, practices, and/or customs devised, implemented, enforced, encouraged and sanctioned by the City including: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's practices of conducting suspicionless stops and frisks and making trespass arrests absent probable cause inside of TAP buildings.

54. By displaying deliberate indifference toward a widespread practice of unconstitutional stops and frisks and trespass arrests inside of TAP buildings, the City caused the plaintiff to be subjected to the violations of his constitutional rights alleged herein.

55. As a result of the foregoing, plaintiff suffered the injuries and damages alleged herein.

### THIRD CAUSE OF ACTION
**Violations of the New York State Constitution**

56. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

57. Defendant WOOTEN deprived plaintiff of rights, privileges, and immunities guaranteed by the New York State Constitution, including, without limitation, the following:

a.  Plaintiff was deprived of his rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

b.  Plaintiff was deprived of his right to due process guaranteed by Article 1, § 6 of the New York State Constitution; and

c.  Plaintiff was deprived of his right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

58. As a direct and proximate result of defendant WOOTEN's deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
### False Imprisonment

59. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60. Defendant WOOTEN, through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent.

61. Defendant WOOTEN committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Malicious Prosecution

62. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63. Defendant WOOTEN, through the foregoing acts, maliciously commenced a criminal proceeding against plaintiff, which ended in his favor, without probable cause to believe plaintiff was guilty of the crimes charged.

64. Defendant WOOTEN committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

65. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66. Defendant WOOTEN, through the foregoing, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

67. Defendant WOOTEN committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
### Negligence

68. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69. Defendant WOOTEN owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as an NYPD officer and the duty to protect citizens from the intentional misconduct of other NYPD officers.

70. Defendant WOOTEN, by the foregoing acts, negligently failed to use due care in the performance of his duties in that he failed to perform his duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

71. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to plaintiff.

## EIGHTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

72. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73. As a police officer acting in the performance of his duties, defendant WOOTEN owed plaintiff a duty of care.

74. In breach of that duty, defendant WOOTEN's foregoing conduct endangered plaintiff's safety and caused him to fear for his safety.

75. As a result, plaintiff suffered emotional distress.

## NINTH CAUSE OF ACTION
### *Respondeat Superior*

76. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77. At all relevant times, defendant WOOTEN was an employee of the City and was acting within the scope of his employment.

78. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendant WOOTEN set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendant WOOTEN to the extent allowable by law;

(c) attorneys fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, NY
September 12, 2014

                                          BELDOCK LEVINE & HOFFMAN LLP
                                          99 Park Avenue, Suite 1600
                                          New York, New York 10016
                                          (212) 490-0400

                                          _____
                                          Joshua S. Moskovitz

                                          *Attorneys for Plaintiff Matthew Haynesworth*